

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.
Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:                    Attention: J. B. Draper

Opinion No. O-3878
Re: When does suspension of driver's
license become effective upon
deferment of judgment on con-
viction for driving while in-
toxicated?

From your letter of recent date we quote the following:

"In the County Court at Law of a county in this State, said defendant was convicted of a charge of driving while intoxicated, under H. B. No. 73, Acts of the 47th Legislature, and assessed punishment at a fine of Fifty ($50.) Dollars and costs. Then said defendant made application for a deferred judgment, and the court deferred his judgment for a period of ninety days.

"Section 24 of Hl B. No. 20, The Driver's License Law as Amended by Acts of the 47th Legislature, provides that the driver's license of any person shall be automatically suspended upon final conviction of any of certain named convictions among which is listed that of driving while intoxicated.

"Therefore, the question is raised as to when, under these facts, the court should report

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Garrison, Jr., Page 2

said conviction, when judgment has been de-
ferred, as provided under Section 25 of
H. B. No. 20., in order to effect the sus-
pension of the driver's license."

The applicable statutory provisions are as follows:

Article 802, Penal Code, as amended by House Bill
No. 73 of the Forty-Seventh Legislature, Regular Session:

"Article 802.

"Any person who drives or operates an
automobile or any other motor vehicle upon
any public road or highway in this State, or
upon any street or alley within the limits
of an incorporated city, town or village,
while such person is intoxicated or under the
influence of intoxicating liquor, shall be
guilty of a misdemeanor, and upon conviction,
shall be punished by confinement in the
County Jail for not less than ten (10) days
nor more than two (2) years, or by a fine
of not less than Fifty Dollars ($50) nor
more than Five Hundred Dollars ($500), or by
both such fine and imprisonment."

Article 698, Code of Criminal Procedure, as amended
by Acts of 1931, Forty-Second Legislature, Ch. 39, p. 59:

"Art. 698  Judgment on verdict

"On each verdict of acquittal or convic-
tion, the proper judgment shall be entered
immediately. If acquitted the defendant shall
be at once discharged from all further liability
upon the charge for which he was tried; provided
that, in misdemeanor cases where there is re-
turned a verdict, or a plea of guilty is enter-
ed and the punishment assessed is by fine only,
the Court may, on written request of the defend-
ant and for good cause shown, defer judgment
until some other day fixed by order of the
Court; but in no event shall the judgment be
deferred for a longer period of time than six
(6) months. On expiration of the time fixed by
the order of the Court, the Court or Judge there-
of, shall enter judgment on the verdict or plea

and the same shall be executed as provided by Chapter 4, Title 9, of the Code of Criminal Procedure of the State of Texas. Provided further, that the Court or Judge thereof, in the exercise of sound discretion may permit the defendant where judgment is deferred, to remain at large on his own recognizance, or may require him to enter into bond in a sum at least double the amount of the assessed fine and costs, conditioned that the defendant and sureties, jointly and severally, will pay such fine and costs unless the defendant personally appears on the day set in the order and discharges the judgment in the manner provided by Chapter 4, Title 9 of the Code of Criminal Procedure of the State of Texas; and for the enforcement of any judgment entered, all writs, processes and remedies of the Code of Criminal Procedure are made applicable so far as necessary to carry out the provisions of this Article."

Section 24 of House Bill No. 20 (The Driver's License Law), Forty-Seventh Legislature, 1941:

"Sec. 24. Automatic suspension of license.

"(a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

". . .

"2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs;

". . .

"(b) The suspension above provided shall in the first instance be for a period of six (6) months. In event any license shall be suspended under the provision of this Section for a second time, said second suspension shall be for a period of one (1) year."

Honorable Homer Garrison, Jr., Page 4

Section 25, Ibid.:

"Sec. 25. When court to report convictions.

"(a) Whenever any person is convicted of any offense for which this Act makes automatic the suspension of the operator's, commercial operator's, or chauffeur's license of such person, the court in which such conviction is had shall require the surrender to it of all operators'; commercial operators', and chauffeurs' licenses then held by the person so convicted and the clerk of said court shall thereupon forward the same together with a record of such conviction to the Department, within ten (10) days from the date of conviction.

". . .

"(c) For the purpose of this Act, the term 'conviction' shall mean a final conviction. Also, for the purpose of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction.

"Provided, however, that in case of conviction for any of the offenses enumerated in paragraph (a) of Section 24 of this Act, and the sentence of the court having been suspended as provided in the statutes, such suspended sentence shall not mitigate against the suspension of the operator's, commercial operator's, or chauffeur's license of the person convicted."

In answering your question we must determine whether the "conviction" referred to in Article 698, C. C. P., supra, is a final one within the meaning of subsections (a) and (c) of the Driver's License Law, supra, when judgment is "deferred" as provided.

Honorable Homer Garrison, Jr., Page 5

In our opinion No. 003482, approved July 17, 1941, the legislative history of the 1931 amendment to Article 698, C. C. P., was discussed. It was there said:

"Prior to the amendment of Article 698 in 1931, said Article required that the proper judgment 'be entered immediately.' In a case such as presented by the facts submitted, where the punishment was merely a fine, the defendant, under Articles 785 and 793, either had to make immediate payment of the fine and costs, or be placed in jail immediately for a sufficient length of time to discharge the full amount of fine and costs at the rate of $3.00 per day. In counties where there was no 'workhouse,' 'county farm' or 'public improvement of the county,' the various counties were burdened with the expense of keeping and feeding such prisoner until he had stayed in jail for the number of days required to discharge the fine and costs at the rate mentioned.

"The emergency clause of the Act amending Article 698 of the Code of Criminal Procedure (42nd Legislature, page 59, Chapter 39, Section 2) reads as follows:

"'Sec. 2. The fact that there is no provision of the law whereby a person guilty of misdemeanor, and whose punishment has been assessed by fine only, may have an opportunity to pay the same, and that the present law works a hardship on many counties of the State, creates an emergency, . . .' (Underscoring ours)

"It is our opinion, therefore, that the Legislature intended by said amendment to give the court authority to give the defendant an opportunity to raise the money and pay the fine and costs if the court in its discretion saw fit to do so 'on written request of the defendant and for good cause shown.' Said amendment should, therefore, be so construed as to give it the effect intended by the Legislature.

"We are of the opinion that, the mere fact that the judgment was prepared and signed by the county judge, would not of itself preclude the judge from setting aside the judgment and accepting the defendant's bond and entering an order deferring the judgment for any period not to exceed six months, provided the defendant makes his request and shows proper cause before the judgment has been executed and before the end of the term. It is a general rule that a judgment may be set aside at any time before the end of the term at which it was rendered, either upon the court's own motion or motion of a party. 25 Tex. Jur. p. 546. Whether 'good cause' is shown is within the court's discretion. . . ."

Thus we see that the judgment is treated as a final judgment in the sense that application for deferment must be made before the end of the term at which the conviction was obtained. We likewise see that the object of the amendment was to enable the convict to pay the fine and to reduce the hardship on the counties burdened with the expense of feeding prisoners unable to pay fines. The application of Article 698 has nothing to do with the guilt or innocence of the accused; it is merely a means provided by the Legislative branch of our government to enable indigent convicts to earn the money to pay the fine and costs.

In so far as the operation of the Driver's License Law is concerned, it is our opinion that a conviction is a "final conviction" within its terms, even though judgment be deferred in accordance with the provisions of Article 698, C. C. P., supra.

In view of the foregoing, you are respectfully advised that in the opinion of this department the court should require the surrender to it of all operators', commercial operators', and chauffeurs' licenses then held by the person convicted immediately upon the operation of the verdict of guilty of a jury, or the pronouncement of the court where a jury is waived. By this we mean when the judgment becomes a "final" one in the sense that it may not be appealed or set aside by the granting of a new trial. In

371

Honorable Homer Garrison, Jr., Page 7

the event of no appeal the judgment is "final" upon expira-
tion of the term of the court at which the trial is held;
if appealed, upon the issuance of the mandate of the appel-
late court.  See Articles 826, 850, 851, Code of Criminal
Procedure.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall

Benjamin Woodall
Assistant

APPROVED SEP 19, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BW:GO